Michael **MERCIER**, Plaintiff,

v.

Jeffrey **PETERSON**, Nicholas Lambrou, **Matterhorn Ltd.**, Bruce Licursi, and Frank Licursi, Defendants.

No. 2:95–CV–285.

United States District Court, D. Vermont.

May 16, 1996.

John Henry Bloomer, Jr., Bloomer & Bloomer, Rutland, VT, for Michael Mercier.

Robert H. Erdmann, Dinse, Erdmann, Knapp & McAndrew, Burlington, VT, for Jeffrey Peterson.

Robert H. Erdmann, Dinse, Erdmann, Knapp & McAndrew, Burlington, VT, Michael John Gannon, Affolter, Clapp & Gannon, Burlington, VT, for Nicholas Lambrou.

Harold B. Stevens, III, Stevens Law Office, Stowe, VT, for Matterhorn, Ltd., Bruce Licursi, Frank Licursi.

## OPINION AND ORDER

SESSIONS, District Judge.

This matter is before the Court on a Renewed Motion for Summary Judgment by Defendants Matterhorn Ltd., Bruce Licursi, and Frank Licursi (collectively "Defendants") in accordance with Fed.R.Civ.P. 56(c). Plaintiff opposes this motion. In an Opinion and Order, dated January 5, 1996, the Court denied without prejudice Defendants' first motion for summary judgment on the grounds that it was premature pursuant to Fed.R.Civ.P. 56(f). The Court finds that the motion is now properly before it because adequate discovery has taken place. For the reasons set forth below, Defendants' Motion for Summary Judgment is granted.

### Background

Familiarity with the facts of this case as set forth in the Court's previous opinion is assumed. *See Mercier v. Peterson,* No. 2:95–CV–285, 1996 WL 192921 (D.Vt. January 5, 1996). Essentially, Mr. Lambrou, op-

erating a 1988 Honda sedan, struck Plaintiff, who was walking southbound along Route 108 in Stowe, Vermont. As a result of the collision, which occurred on January 8, 1994, at approximately 1:15 a.m., Plaintiff suffered personal injuries. Prior to the accident, Mr. Lambrou had been a patron at the Matterhorn, a bar and restaurant, under the direction of Bruce and Frank Licursi. Accordingly, Plaintiff seeks recovery under the Vermont Dram Shop Act, 7 V.S.A. § 501 *et seq.*

■ In his opposition to Defendants' previous motion for summary judgment, Plaintiff argued that Mr. Lambrou was in fact intoxicated at the time he injured Plaintiff. Defendants presented the report of the investigating police officer who claimed he was not.[1] Typically, credibility issues cannot be resolved by the court in a summary judgment motion. *Azrielli v. Cohen Law Offices,* 21 F.3d 512, 517 (2d Cir.1994) ("Any assessments of credibility and all choices between available inferences are matters to be left for a jury, not matters to be decided by the court on summary judgment.") Because Plaintiff might have found evidence during the course of discovery indicating that Mr. Lambrou was intoxicated at the time of the accident, the Court could not ineluctably conclude that Defendants did not overserve Mr. Lambrou in violation of the Vermont Dram Shop Act.

However, now Defendants present factual evidence, not directly contested by Plaintiff, from which the only conclusion to be drawn is that Mr. Lambrou was not intoxicated at the time he injured Plaintiff. The evidence submitted by Defendants shows that Mr. Lambrou had one Rolling Rock beer at the Matterhorn at approximately 11:00 p.m. on January 7, 1994. He did not consume any other alcoholic beverages between 4:00 p.m. on January 7, 1994, and 1:30 a.m. on January 8, 1994. Plaintiff does not dispute this evidence, but rather invokes Rule 56(f) to request more time for discovery.

### Discussion

A court shall grant summary judgment when it finds "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those parts of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Thereafter, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

However, under some circumstances, Rule 56(f) may excuse a nonmoving party's inability to meet this burden when there has been inadequate discovery. Rule 56(f) provides:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

■ It is well-settled within the Second Circuit that the party seeking additional time for discovery under Rule 56(f) must submit an affidavit satisfying a four part test. *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1138 (2d Cir.1994); *Hudson River Sloop Clearwater, Inc. v. Dept. of Navy,* 891 F.2d 414, 422 (2d Cir.1989); *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 926 (2d Cir.1985). The affidavit must include: 1) the nature of the uncompleted discovery, i.e., what facts are sought and how they are to be obtained; 2) how

---

1. In his opposition to both the first and second summary judgment motions, Plaintiff raises some concerns about the admissibility of the police report. Assuming without deciding that hearsay evidence must be in admissible form to be considered as part of the summary judgment motion, *see Torres v. CBS News,* 879 F.Supp. 309, 319 n.

13 (S.D.N.Y.), *aff'd,* 71 F.3d 406 (2d Cir.1995), but *cf. Contini v. Hyundai Motor Co.,* 840 F.Supp. 22, 25 n. 2 (S.D.N.Y.1993), the Court notes that the police report likely meets hearsay exceptions for records of regularly conducted activities and for public records and reports. Fed.R.Evid. 803(6) and (8).

those facts are reasonably expected to create a genuine issue of material fact; 3) what efforts have been made to obtain those facts thus far; and 4) why those efforts were unsuccessful. *Burlington Coat,* 769 F.2d at 926. Such specificity in the affidavit is required to distinguish sincere needs for more discovery from "fishing expeditions." *See Capital Imaging Assoc. v. Mohawk Valley Medical Assoc., Inc.,* 725 F.Supp. 669, 680 (N.D.N.Y.1989), *aff'd on other grounds,* 996 F.2d 537 (2d Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 388, 126 L.Ed.2d 337 (1993).

■ In the case at bar, Plaintiff's affidavit fails to meet the four part test. Instead, it makes a vague and unsubstantiated reference to what Plaintiff hopes to discover. The affidavit states, in relevant part, "[w]ritten discovery has been exchanged. Plaintiff is attempting to schedule the deposition of Defendant Lambrou. This deposition will address some of the outstanding factual questions." This is blatantly insufficient. Plaintiff fails to identify the outstanding factual questions or how this discovery is likely to create a genuine issue of material fact. *Burlington Coat,* 769 F.2d at 926 (grounds for denying more time for discovery included plaintiff's failure to disclose with any specificity what it desired to elicit in deposing defendant's employees); *Securities & Exch. Com'n v. Spence & Green Chemical Co.,* 612 F.2d 896, 900–01 (5th Cir.1980) (court properly denied relief pursuant to Rule 56(f) when nonmovant made vague and conclusory claims that there were factual disputes), *cert. denied,* 449 U.S. 1082, 101 S.Ct. 866, 66 L.Ed.2d 806 (1981).

■ Moreover, Plaintiff does not explain why he has been unable to depose Defendant Lambrou before now. According to the Joint Discovery Schedule, submitted by the parties and adopted by this Court, Defendants were to be available for deposition on or before March 8, 1996. *See* Paper # 41. When a party fails to use the time available and takes no steps to seek additional time until after a summary judgment motion has been filed,[2] the court need not permit more discovery. *Burlington Coat,* 769 F.2d at 928.

■ Finally, the material sought by Plaintiff is speculative. *Paddington Partners,* 34 F.3d at 1138. Based on the parties' representations, written discovery is complete. Nonetheless, Plaintiff fails to present any facts, either in his statement of disputed facts[3] or elsewhere, from which it could be inferred that Mr. Lambrou was intoxicated at the time of the accident or at any relevant preceding time. If after written discovery, there is not a scintilla of evidence justifying Plaintiff's claim, continuing discovery pursuant to Rule 56(f) is pointless. "A 'bare assertion' that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient to justify a denial of a motion for summary judgment under Rule 56(f)." *Sundsvallsbanken v. Fondmetal, Inc.,* 624 F.Supp. 811, 815 (S.D.N.Y.1985) (quoting *Contemporary Mission, Inc. v. U.S. Postal Service,* 648 F.2d 97, 107 (2d Cir.1981)).

■ Having denied Plaintiff's request for Rule 56(f) relief, the Court moves on to consider the record before it. As noted previously, to award summary judgment, the court must find that there is an absence of genuinely disputed material facts and that the moving party is entitled to judgment under governing law. Here, the applicable law is the Vermont Dram Shop Act, which provides, in pertinent part:

> [A] person who is injured ... by an intoxicated person, or in consequence of the intoxication of any person, shall have a right of action ... against any person or persons who have caused in whole or in part such intoxication by selling or furnishing intoxicating liquor:
>
> ... (2) to a person apparently under the influence of intoxicating liquor;
>
> (3) to a person after legal serving hours; or

---

**2.** Certainly, Plaintiff was on notice that this motion for summary judgment was likely to be forthcoming, as the Court denied the previous motion without prejudice to be re-raised on appropriate grounds in the future.

**3.** Plaintiff's Local Rule 5(c)(1)(A) statement does not list the disputed facts, rather it merely reiterates the factual and legal issues before the Court. *See* Paper # 58.

(4) to a person whom it would be reasonable to expect would be under the influence of intoxicating liquor as a result of the amount of liquor served by the defendant to that person.

7 V.S.A. § 501(a)(2)–(4) (1988 & Supp.1994).

In accordance with the plain language of the statute, as a threshold matter, the complaining party must have been injured by an intoxicated person. Because Plaintiff has not disputed the specific facts submitted by Defendants, namely that Defendant Lambrou consumed one beer at 11:00 p.m., these facts are deemed admitted.[4] Relying on these facts, the Court concludes that it is most unlikely that Mr. Lambrou could be characterized as an "intoxicated person," based on the consumption of one beer more than two hours before the accident. Plainly, he was not served after legal serving hours nor was he "apparently under the influence of intoxicating liquor" or otherwise "overserved" by Defendants, given that he had had one beer all evening. Hence, Defendants cannot be liable under the Vermont Dram Shop Act.

### Conclusion

For the reasons set forth above, Defendants' Renewed Motion for Summary Judgment is GRANTED. Count III of the complaint alleging violations of the Vermont Dram Shop Act is dismissed. As these are the only allegations against Defendants Matterhorn, Bruce Licursi and Frank Licursi, they are hereby dismissed from the case. SO ORDERED.

---

**4.** Local Rule 5(c)(1)(B) provides, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."